UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————— x
                                              :
AIRIDAS KAZAKEVICIUS,                         :
                                              :
                              Plaintiff,      :    10 Civ. 2098 (ADS) (MLO)
                                              :
             - against -                      :
                                              :
COLD SPRING HARBOR LABORATORY and             :
KATIE RAFTERY,                                :
                                              :
                              Defendants.     :
———————————————————— x

## **MEMORANDUM OF LAW IN SUPPORT**
## **OF DEFENDANTS' MOTION TO DISMISS**

## TABLE OF CONTENTS

                                                                                        **Page**

TABLE OF AUTHORITIES ................................................................................. ii

STATEMENT OF FACTS ................................................................................... 2

SUMMARY OF ARGUMENT ............................................................................... 3

ARGUMENT ....................................................................................................... 5

    I.    PLAINTIFF FAILS TO STATE A CLAIM ................................................ 5

        A.    Legal Standards ............................................................................. 5

        B.    Plaintiff's Legal Conclusions Are Not Assumed To Be True ............... 7

        C.    The Complaint Does Not State A Plausible Claim For Relief ............... 8

            1.    The Complaint Does Not State A Plausible FMLA Claim ............ 8

            2.    The Complaint Does Not State A Plausible Claim Of Disability Discrimination Under The State Or City Human Rights Laws ............ 10

            3.    The Complaint Does Not State A Plausible Labor Law Claim ............ 12

    II.    DEVOID OF ANY MENTION OF KATHERINE RAFTERY, THE COMPLAINT SHOULD BE DISMISSED AS AGAINST HER ............ 13

CONCLUSION ...................................................................................................... 14

## TABLE OF AUTHORITIES

**Page**

### Cases

*Alessi v. Monroe County,*
    No. 07 Civ. 6163, 2010 WL 161488 (W.D.N.Y. Jan. 13, 2010) ............................................8

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937 (2009).....................................................................................5, 6, 7, 10

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007).....................................................................................................5

*Catcove Corp. v. Heaney,*
    ___ F. Supp. 2d ___, No. 08 Civ. 4156, 2010 WL 604678 (E.D.N.Y. Feb. 11, 2010) .. 7-8, 13

*Eliacin v. Fiala,*
    No. 3:09 Civ. 438, 2009 WL 3672112 (N.D.N.Y. Oct. 30, 2009) .........................................13

*Genovese v. Goodyear Tire & Rubber Co.,*
    No. 04 Civ. 4505, 2007 WL 2746917 (E.D.N.Y. Sept. 18, 2007)...................................... 9-10

*Geromanos v. Columbia Univ.,*
    322 F. Supp. 2d 420 (S.D.N.Y. 2004) ...................................................................................9

*Guary v. Upstate National Bank,*
    618 F. Supp. 2d 272 (W.D.N.Y. 2009)................................................................................11

*Ismail v. Coney Island Hosp.,*
    No. 09 Civ. 2229, 2010 WL 1292706 (E.D.N.Y. Mar. 31, 2010) .........................................11

*Jenkins v. Eaton,*
    No. 08 Civ. 0713, 2009 WL 811592 (E.D.N.Y. Mar. 27, 2009)............................................13

*Keller v. Star Nissan, Inc.,*
    No. 07 Civ. 4551, 2009 WL 4281038 (E.D.N.Y. Nov. 30, 2009)...........................................8

*Krosmico v. JP Morgan Chase & Co.,*
    No. 06 Civ. 1178, 2006 WL 3050869 (E.D.N.Y. Oct. 19, 2006)............................................8

*Lightfoot v. Union Carbide Corp.,*
    No. 92 Civ. 6411, 1994 WL 184670 (S.D.N.Y. May 12, 1994), *aff'd,*
    110 F.3d 898 (2d Cir. 1997) ..................................................................................... 10-11

KL3 2776229.4

**TABLE OF AUTHORITIES**
(continued)

**Page**

*McCavitt v. Swiss Reinsurance America Corp.,*
    237 F.3d 166 (2d Cir. 2001) ...................................................................................................12

*Meyer v. William Floyd Union Free School Dist.,*
    No. 07 Civ. 2524, 2009 WL 3327208 (E.D.N.Y. Sept. 30, 2009)..........................................11

*Moore v. Potter,*
    353 F. Supp. 2d 410 (E.D.N.Y. 2005) ...................................................................................8

*Moultrie v. VIP Health Care Servs.,*
    No. 08 Civ. 0457, 2010 WL 1037693 (E.D.N.Y. Mar. 17, 2010) ..........................................11

*Robischung-Walsh v. Nassau County Police Dep't,*
    ___ F. Supp. 2d ___, 09 Civ. 3567, 2010 WL 1205668 (E.D.N.Y. Mar. 30, 2010) ...............5

*Sanders v. Grenadier Realty, Inc.,*
    No. 09 Civ. 2341, 2010 WL 605715 (2d Cir. Feb. 22, 2010)............................................7, 11

*Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.,*
    No. 99 Civ. 3227, 2002 WL 1610923 (S.D.N.Y. July 22, 2002) ..........................................13

*Sista v. CDC IXIS North America, Inc.,*
    445 F.3d 161 (2d Cir. 2006) ...................................................................................................9

*Spells v. City of New York,*
    No. 07 Civ. 5038, 2009 WL 4110291 (E.D.N.Y. Nov. 25, 2009)..........................................6

*State of New York v. Wal-Mart Stores Inc.,*
    207 A.D.2d 150, 621 N.Y.S.2d 158 (3d Dep't 1995)..................................................... 12-13

*Vuong v. New York Life Ins. Co.,*
    No. 09 Civ. 0974, 2010 WL 93157 (2d Cir. Jan. 12, 2010) ...................................................10

*Young v. Suffolk County,*
    ___ F. Supp. 2d ___, 09 Civ. 3325, 2010 WL 1424008 (E.D.N.Y. Apr. 9, 2010)..................6

KL3 2776229.4

# TABLE OF AUTHORITIES
## (continued)

**Page**

**Statutes & Rules**

Fed. R. Civ. P. 12(b)(6)..................................................................................................5

New York Labor Law

    § 201-d ..................................................................................................................12

    § 201-d(1)(b) ........................................................................................................12

    § 201-d(1)(c)........................................................................................................12

    § 201-d(2)(c)........................................................................................................12

KL3 2776229.4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————————— x

AIRIDAS KAZAKEVICIUS,                        :
                                             :
                          Plaintiff,         :       10 Civ. 2098 (ADS) (MLO)
                                             :
              - against -                    :
                                             :
COLD SPRING HARBOR LABORATORY and            :
KATIE RAFTERY,                               :
                                             :
                          Defendants.        :
———————————————————————————— x

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' MOTION TO DISMISS

Defendants Cold Spring Harbor Laboratory ("CSHL") and Katherine Raftery

("Ms. Raftery" and together with CSHL, "Defendants") respectfully submit this memorandum of

law in support of their motion to dismiss the complaint (the "Complaint") of plaintiff Airidas

Kazakevicius ("Plaintiff") in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).  As described more

fully below, the substantive factual allegations in the Complaint principally consist of the

following:  Plaintiff was employed by CSHL, he suffered a dislocated shoulder, he was approved

for a leave of absence for that injury in early January 2010, he thereafter attended a "social

gathering" with co-workers in early February 2010, he was questioned by CSHL regarding his

attendance at that gathering (he claimed it had never questioned him before about attending any

social gathering) and he received a letter in early March 2010 terminating his employment prior

to the scheduled end of his medical leave later that month.  The termination letter referenced in

Plaintiff's Complaint reflects that the "social gathering" was a CSHL-sponsored ski trip and that

Plaintiff was terminated for attending the ski trip while on leave and then denying going on the

trip when questioned about it by a CSHL manager.

## STATEMENT OF FACTS

The facts described below are based on (i) the factual allegations of the Complaint (a copy of which is attached as Exhibit 1 to the Declaration of Steven M. Knecht, dated May 14, 2010 (the "Knecht Decl.")), which CSHL accepts as true for purposes of this motion, and (ii) the termination letter referenced in the Complaint (a copy of which is attached as Exhibit 2 to the Knecht Declaration), which is properly relied upon in this motion by Defendants. *See infra* p. 6. Defendants also request that the Court take judicial notice of the location of Cold Spring Harbor's offices outside of the five boroughs of New York City and the day of the week of the ski trip. *See id.* (In his Complaint, Plaintiff incorrectly identifies the years in which his employment began and when he suffered his alleged shoulder injury. If the dates identified in the Complaint were accurate, there would be additional grounds for the dismissal of at least one of his claims. Defendants correct these dates herein to avoid any confusion the Court might have.)

In June 2008, Plaintiff began his employment with CSHL at its offices in Cold Spring Harbor, New York. Complaint ¶ 6, 7. CSHL suffered a dislocated shoulder in January 2010. Complaint ¶ 10. In early January 2010, CSHL approved Plaintiff's FMLA leave request. Complaint ¶ 12. On February 5, 2010 (a Friday), Plaintiff attended an employer-sponsored ski trip with co-workers. Complaint ¶ 13; Knecht Decl., Ex. 2.

A few days after the ski trip, Plaintiff visited a doctor who advised him he could return to work in March 2010, and he submitted a note to CSHL consistent with his doctor's advice. Complaint ¶¶ 14-15. Although not critical for purposes of this motion, by way of background for the Court, the anticipated return date for Plaintiff was a date in March later than that identified in the Complaint.

- 2 -

KL3 2776229.4

Thereafter, Jena Molignano (CSHL's Benefits Manager) learned about Plaintiff's attendance on the ski trip and questioned him about his attendance on such trip.  Complaint ¶ 17; Knecht Decl., Ex. 2.  Plaintiff denied to Ms. Molignano that he attended the ski trip.  Knecht Decl., Ex. 2.

As a result of Plaintiff's attendance on the ski trip and his lying to Ms. Molignano regarding his attendance on the trip, CSHL terminated Plaintiff's employment, effective March 1, 2010.  Complaint ¶ 18; Knecht Decl., Ex. 2.  The termination letter sent to Plaintiff by Ms. Raftery on behalf of CSHL states, in pertinent part:

> It has just come to my attention that [not] only did you attend the Lab ski trip while you were out on disability, but you then denied going on the trip when questioned by Jena Molignano.  I am enclosing a picture of you sitting on the bus next to Kenny Rojas. If your shoulder injury from January was healed enough for you to attend the Laboratory ski trip on February 5th, then you should have been able to return to work.  Please be advised that you are terminated from the Cold Spring Harbor Laboratory effective as of today, March 1, 2010.

Knecht Decl., Ex. 2.  In his Complaint, Plaintiff fails to assert, nor could he, that he did not lie about his attendance on the ski trip.

## SUMMARY OF ARGUMENT

Based on his sparse factual allegations, Plaintiff asserts claims for (i) "interfering and denying" him rights under the Family and Medical Leave Act of 1993 (the "FMLA"), (ii) "discriminating against [him] because of his disability status" in violation of the New York State Human Rights Law (the "State Human Rights Law") and the New York City Human Rights Law (the "City Human Rights Law" and together with the State Human Rights Law, the "State and City Human Rights Laws") and (iii) "discriminating against [him] because of [his] legal recreational activities outside of work hours, off of defendant [CSHL's] premises, without

- 3 -

use of defendant [CSHL's] property" in violation of § 201-d of the New York State Labor Law (the "Labor Law").  Complaint ¶¶ 20, 22, 24, 26.

United States Supreme Court precedent articulated in the last few years has toughened the pleading requirements necessary to state a claim.  Under this precedent, Plaintiff's legal conclusions of interference and denial of rights under the FMLA and of discrimination under the State and City Human Rights Laws and the Labor Law are not assumed to be true and should be afforded no weight.  The remaining allegations are insufficient to state a plausible claim.

Plaintiff does not assert facts reflecting that he was denied benefits to which he was entitled under the FMLA or assert that he incurred any of the losses for which the FMLA permits recovery.  To the contrary, Plaintiff's Complaint reflects that in early January 2010, he was granted a FMLA leave of absence a few days following his alleged suffering of a dislocated shoulder and infers that he was thereafter afforded additional FMLA leave.  To the extent that Plaintiff's claim is that once FMLA leave is granted, an employee may not be terminated for reasons unrelated to the taking of the leave, this theory is misplaced.

Plaintiff's disability discrimination.claim under the City Human Rights Law fails because Plaintiff does not assert, nor could he, any basis for proceeding under that statute since he was not employed in any of the five boroughs of New York City.  Further, Plaintiff's disability discrimination claims are not plausible under either the State or City Human Rights Laws because he has failed to identify a factual basis for these claims.  In addition, a temporary condition such as a dislocated shoulder does not constitute a disability under these statutes.

Plaintiff's discrimination claim under § 201-d of the Labor Law also fails because an employer-sponsored ski trip does not constitute a recreational activity protected by that

- 4 -

statute. Further, the ski trip occurred during work hours (Friday, February 5) and is therefore not

covered by the statute. In addition, Plaintiff's theory that personal relationship interests are

protected under the statute has been soundly rejected.

For a separate and independent reason, each of the claims in the Complaint must

be dismissed as against Ms. Raftery. After appearing in the caption, the Complaint is thereafter

devoid of any mention of Ms. Raftery, much less any allegation of wrongdoing against her.

## ARGUMENT

### I.      PLAINTIFF FAILS TO STATE A CLAIM

#### A.      Legal Standards

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed "for failure to

state a claim upon which relief can be granted." In the last few years, the Supreme Court has

toughened the pleading requirements a plaintiff must meet to state a claim. *See Ashcroft v. Iqbal*,

129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

In deciding dismissal motions under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, courts should be guided by two working principles. *See Iqbal*, 129 S. Ct. at 1949;

*Robischung-Walsh v. Nassau County Police Dep't*, ___ F. Supp. 2d ___, No. 09 Civ. 3567, 2010

WL 1205668, at *1 (E.D.N.Y. Mar. 30, 2010) (Spatt, J.). First, the tenet that all allegations in a

complaint must be accepted as true does not apply to legal conclusions. *Iqbal*, 129 S. Ct. at 1949

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."); *Twombly*, 550 U.S. at 555 (a plaintiff's obligation with respect to

his or her complaint "requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do"). Second, the Court has ruled that "[t]o survive a

motion to dismiss, a complaint must contain sufficient *factual* matter, accepted as true, to 'state a

claim to relief that is *plausible* on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S.
at 570) (emphasis added). In explaining the plausibility standard, the Court stated that "it asks
for more than a sheer possibility that a defendant has acted unlawfully" and when a plaintiff has
pled facts in his or her complaint "that are 'merely consistent with' a defendant's liability, [the
complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'"
*Id.* (quoting *Twombly*, 550 U.S. at 556-57) (additional internal citations omitted).

It is well-settled that "[i]n deciding a Rule 12(b)(6) motion, a court may consider,
in addition to the pleading itself, documents that are referenced in the complaint, documents that
the plaintiff relied on in bringing suit, and matters of which judicial notice may be taken." *Spells
v. City of New York*, No. 07 Civ. 5038, 2009 WL 4110291, at *2 (E.D.N.Y. Nov. 25, 2009). *See
also Young v. Suffolk County*, ___ F. Supp. 2d ___, No. 09 Civ. 3325, 2010 WL 1424008, at *6
(E.D.N.Y. Apr. 9, 2010) (noting that in deciding motion under Fed. R. Civ. P. 12(b)(6), a court is
entitled to consider, among other things, "documents 'integral' to the complaint and relied upon
in it, even if not attached or incorporated by reference," "documents or information contained in
defendant's motion papers if plaintiff has knowledge or possession of the material and relied on
it in framing the complaint" and "facts of which judicial notice may properly be taken under
Rule 201 of the Federal Rules of Evidence"). Accordingly, the termination letter -- referenced in
the Complaint and relied upon by Plaintiff in bringing this action (*see* Complaint ¶ 18) -- may be
considered by the Court in deciding this motion. Further, the Court may take judicial notice of
the location of Cold Spring Harbor's offices outside of the five boroughs of New York City and
the day of the week of the ski trip.

B.     Plaintiff's Legal Conclusions Are Not Assumed To Be True

Plaintiff's Complaint is replete with legal conclusions.  Plaintiff asserts that "[b]y

and through their course of conduct, [D]efendants and defendant [CSHL's] agents violated 29

U.S.C. § 2615 by interfering with and denying [him] [FMLA] rights."  Complaint ¶ 26.  Plaintiff

also asserts that (i) he "was a 'disabled' person because the Second Circuit Court of Appeals has

ruled that any 'medically diagnosable impairment' is a disability under the . . . State Human

Rights Law . . . and the City Human Rights Law's standard is at least that broad" and (b) "[b]y

and through their course of conduct, [D]efendants and defendant [CSHL's] agents violated" the

State and City Human Rights Law "by discriminating against [him] because of his disability

status."  Complaint ¶¶ 11, 20, 22.  Further, Plaintiff asserts that "[b]y and through their course of

conduct, [D]efendants and defendant [CSHL's] agents violated the . . . Labor Law, § 201-d, by

discriminating against [him] because of [his] legal recreational activities outside of work hours,

off of defendant [CSHL's] premises, without use of defendant [CSHL's] property."  Complaint

¶ 24.

These legal conclusions are not assumed to be true and are afforded no weight in

determining whether Plaintiff states a plausible claim for relief.  *See, e.g., Iqbal*, 129 S. Ct. at

1954 (plaintiff's claim that his complaint was well pleaded due to his allegation that he was

discriminated against "'on account of [his] religion, race, and/or national origin and for no

legitimate penological interest'" was a conclusory allegation and was not entitled to be assumed

true); *Sanders v. Grenadier Realty, Inc.*, No. 09 Civ. 2341, 2010 WL 605715, at *1 (2d Cir. Feb.

22, 2010) ("The conclusion that 'defendants discriminated against plaintiffs on account of their

race and national origin' . . . does not state a plausible claim to relief."); *Catcove Corp. v.

Heaney*, ___ F. Supp. 2d ___, No. 08 Civ. 4156, 2010 WL 604678, at *5 (E.D.N.Y. Feb. 11,

- 7 -

2010) (allegations that certain defendants "used their 'power (or knowingly allowed others) to

discriminate against the plaintiff on the basis of gender' and 'allowed a Good Old Boy club

member to have plaintiff's sewage rights'" were conclusory allegations and thus not entitled to

assumption of truth) (additional internal citations omitted); *Keller v. Star Nissan, Inc.*, No. 07

Civ. 4551, 2009 WL 4281038, at *3 (E.D.N.Y. Nov. 30, 2009) (plaintiff's use of the words

"retaliation," "retaliated" and "retaliating" in complaint failed to plead a retaliation claim under

*Iqbal* and *Twombly*).

      C.     <u>The Complaint Does Not State A Plausible Claim For Relief</u>

          1.     <u>The Complaint Does Not State A Plausible FMLA Claim</u>

      Plaintiff purports to state a claim that Defendants interfered with and denied him

rights under the FMLA.  Complaint ¶ 26.  To prevail on a claim for the denial of, or interference

with, benefits under the FMLA, a plaintiff must establish various elements, including, without

limitation, that he or she was denied benefits to which he or she was entitled under the FMLA.

*See Krosmico v. JP Morgan Chase & Co.*, No. 06 Civ. 1178, 2006 WL 3050869, at *2 n.2

(E.D.N.Y. Oct. 19, 2006); *Moore v. Potter*, 353 F. Supp. 2d 410, 414 (E.D.N.Y. 2005) (Spatt, J.).

Plaintiff does not allege any facts reflecting that he was denied benefits to which he was entitled

under the FMLA.  Nor does Plaintiff assert that he incurred any of the losses for which FMLA

permits recovery.  *See Alessi v. Monroe County*, No. 07 Civ. 6163, 2010 WL 161488, at *7

(W.D.N.Y. Jan. 13, 2010) (ruling that the plaintiff's allegation that he is "entitled to recover

damages as provided [at] 29 U.S.C. § 2917" did not satisfy requirement that a plaintiff assert he

has a remedy and has been prejudiced under FMLA).  Plaintiff's FMLA claim must fail for these

reasons alone.

- 8 -

Far from denying or interfering with any FMLA rights, Plaintiff's Complaint reflects that in early January 2010, he was granted a FMLA leave of absence a few days following his alleged suffering of a dislocated shoulder and infers that he was thereafter afforded additional FMLA leave by CSHL. Complaint ¶¶ 10, 12, 14, 15. The termination letter reflects that Plaintiff was subsequently terminated for attending a ski trip while on such medical leave and then lying about such attendance. Knecht Decl., Ex. 2. Plaintiff makes no allegation, nor could he, that his FMLA leave -- willingly granted by CSHL approximately two months prior to his termination -- was the reason for the termination. Indeed, Plaintiff concedes his attendance on the trip and fails to assert -- nor could he -- that he did not lie about such attendance. To the extent that Plaintiff's claim is that once FMLA leave is granted, an employee may not be terminated for reasons unrelated to the taking of the leave, this theory is without support. *See, e.g., Sista v. CDC IXIS North America, Inc.*, 445 F.3d 161, 176 (2d Cir. 2006) (the plaintiff had not demonstrated sufficient evidence for FMLA claim because he could not show his employer considered his FMLA leave and request to return a negative factor in its termination decision); *Geromanos v. Columbia Univ.*, 322 F. Supp. 2d 420, 428 (S.D.N.Y. 2004) ("The fact that plaintiff was notified of her termination during her leave does not constitute interference. The law is clear that an employee may be terminated while on medical leave, as long as the taking of the FMLA leave was not the cause for the termination."). *See also Genovese v. Goodyear Tire & Rubber Co.*, No. 04 Civ. 4505, 2007 WL 2746917, at *6 (E.D.N.Y. Sept. 18, 2007) ("The 'FMLA was not intended to provide employees with a greater right to reinstatement of other benefits that they would have had if they had been continuously employed during the FMLA leave period. . . . FMLA is not a shield to protect employees from legitimate disciplinary action

by their employers if their performance is lacking in some manner unrelated to their FMLA leave.'") (quoting *Geromanos*, 322 F. Supp. 2d at 429).

Plaintiff asserts that he "was questioned by defendant [CSHL] regarding attending a social gathering" and "[i]n the past, prior to his disability, [he] has attended social gatherings with co-workers and has not been questioned regarding attending those gatherings."  Complaint ¶¶ 16, 17.  Common sense dictates that an employer, *upon discovering that an employee on FMLA leave for a dislocated shoulder had attended a ski trip*, would want to question that individual about his or her attendance and not be lied to in response to such inquiry, and thus these allegations fall short of creating a plausible claim.  *See Iqbal*, 129 S. Ct. at 1950 (The "[d]etermin[ation] [of] whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

### 2.  The Complaint Does Not State A Plausible Claim Of Disability Discrimination Under The State Or City Human Rights Laws

Plaintiff was not employed in any of the five boroughs of New York City. Complaint ¶ 6.  Accordingly, as an initial matter, Plaintiff's disability discrimination claim under the City Human Rights Law fails because Plaintiff does not assert, nor could he, any basis for proceeding under that statute.  *See, e.g., Vuong v. New York Life Ins. Co.*, No. 09 Civ. 0974, 2010 WL 93157, at *2 (2d Cir. Jan. 12, 2010) (ruling that district court had properly dismissed the plaintiff's claim under the City Human Rights Law where there was no evidence in the record that any discriminatory decisions related to the plaintiff's employment were made in New York City); *Lightfoot v. Union Carbide Corp.*, No. 92 Civ. 6411, 1994 WL 184670, at *5 (S.D.N.Y. May 12, 1994) (claim under City Human Rights Law was dismissed when, among other things,

KL3 2776229.4

there were no allegations that the defendants intentionally discriminated against the plaintiff within the boundaries of New York City), *aff'd*, 110 F.3d 898 (2d Cir. 1997).

Further, Plaintiff's disability discrimination claim is not plausible under either the State or City Human Rights Law for additional reasons. Because Plaintiff does not identify a factual basis for his claims of disability discrimination, his claims under these statutes must fail. *See, e.g., Sanders*, 2010 WL 605715, at *1 (the plaintiffs' 42 U.S.C. § 1982 claim failed because, among other things, they did not allege any facts supporting an inference of racial animus); *Ismail v. Coney Island Hosp.*, No. 09 Civ. 2229, 2010 WL 1292706, at *2 (E.D.N.Y. Mar. 31, 2010) (granting the defendant's Rule 12(b)(6) motion when the plaintiff failed to identify any factual basis for his race, color, religion and age discrimination claims and thus failed to meet the level of plausibility required under *Twombly* and *Iqbal*); *Moultrie v. VIP Health Care Servs.*, No. 08 Civ. 0457, 2010 WL 1037693, at *2 (E.D.N.Y. Mar. 17, 2010) (the plaintiff's disability discrimination claim failed because, among other things, the complaint was completely devoid of any allegation of disability discrimination); *Meyer v. William Floyd Union Free School Dist.*, No. 07 Civ. 2524, 2009 WL 3327208, at *6 (E.D.N.Y. Sept. 30, 2009) ("Plaintiff's Amended Complaint is completely barren of any allegations, which even if true, raise a plausible claim that Plaintiff suffered adverse employment actions as a result of his disability or his age.").

In addition, a temporary condition such as a dislocated shoulder does not constitute a disability under either statute. *See Guary v. Upstate Nat'l Bank*, 618 F. Supp. 2d 272, 275 (W.D.N.Y. 2009) (the plaintiff's broken ankle, which resulted in a single, twelve-week disability leave with no alleged physical limitations thereafter, was not a disability under the Americans With Disabilities Act or the State Human Rights Law).

3.     The Complaint Does Not State A Plausible Labor Law Claim

Section 201-d(2)(c) of the Labor Law provides, in pertinent part, that "it shall be unlawful for any employer . . . to refuse to hire, employ or license, or to discharge from employment or otherwise discriminate against an individual in compensation, promotion or terms, conditions or privileges of employment because of . . . *an individual's legal recreational activities outside work hours*, off of the employer's premises and without use of the employer's equipment or other property." (emphasis added). On its face, an *employer-sponsored* ski trip with co-workers does not constitute a recreational activity under that statute. *See* N.Y. Labor Law § 201-d(1)(b) (defining "recreational activities" as "any lawful, *leisure-time activity*, for which the employee receives no compensation and *which is generally engaged in for recreational purposes*, including but not limited to sports, games, hobbies, exercise, reading and the viewing of television, movies and similar material") (emphasis added). Further, the ski trip occurred *during work hours* (Friday, February 5) and fails for this reason as well. *See* N.Y. Labor Law 201-d(1)(c) (defining "work hours" as "all time, including paid and unpaid breaks and meal periods, that the employee is suffered, permitted or expected to be engaged in work, and all time the employee is actually engaged in work").

In addition, Plaintiff classifies the ski trip as "a social gathering with co-workers." (Complaint ¶ 13) and in doing so appears to invoke his personal relationship as a protectible interest under Labor Law § 201-d. It is well-settled, however, that personal relationship interests of the type apparently invoked by Plaintiff are not protected under the statute. *See, e.g., McCavitt v. Swiss Reinsurance America Corp.*, 237 F.3d 166, 167-68 (2d Cir. 2001) (dating relationship with fellow officer of employer does not constitute "recreational activity" under § 201-d); *State of New York v. Wal-Mart Stores Inc.*, 207 A.D.2d 150, 152, 621 N.Y.S.2d 158,

- 12 -

160 (3d Dep't 1995) ("personal relationships fall outside the scope of legislative intent" of § 201-d).

## II.    DEVOID OF ANY MENTION OF KATHERINE RAFTERY, THE COMPLAINT SHOULD BE DISMISSED AS AGAINST HER

Ms. Raftery is named as a defendant in the caption of the Complaint. Thereafter, the Complaint is devoid of any mention of Ms. Raftery, much less any allegation of wrongdoing against her. As a result, even assuming *arguendo* the Court ruled that any claim in the Complaint was plausible, each of the claims in the Complaint should nevertheless be dismissed as against Ms. Raftery. *See, e.g., Catcove*, 2010 WL 604678, at *7 (plaintiffs' claims against certain individual defendants -- "despite pleading nothing against any of" them -- were dismissed since they were "'utterly lacking in support'" and resulted in a ruling by the Court that plaintiffs' complaint violated Rule 11) (citation omitted); *Jenkins v. Eaton*, No. 08 Civ. 0713, 2009 WL 811592, at *5 (E.D.N.Y. Mar. 27, 2009) (granting the dismissal motion of certain individual defendants who were not mentioned in plaintiff's complaint). *See also Eliacin v. Fiala*, No. 3:09 Civ. 438, 2009 WL 3672112, at *1 (N.D.N.Y. Oct. 30, 2009) ("Moreover, inasmuch as the Complaint makes no mention of any personal involvement by Defendants Fiala or Reagan in her employment discrimination claim, the Complaint fails to state a claim against these individuals."); *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, No. 99 Civ. 3227, 2002 WL 1610923, at *5 (S.D.N.Y. July 22, 2002) (plaintiff's naming of certain defendants in caption only and not mentioning them in body of complaint resulted in dismissal of claims against them).

KL3 2776229.4

## CONCLUSION

For the foregoing reasons, defendants Cold Spring Harbor Laboratory and Katherine Raftery respectfully request that the Court (i) dismiss plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6); and (ii) grant such other relief as the Court may deem just and proper.

Dated:   New York, New York
   May 14, 2010

        KRAMER LEVIN NAFTALIS & FRANKEL LLP

        By:   /s/ Steven M. Knecht
            Kevin B. Leblang
            Steven M. Knecht

        1177 Avenue of the Americas
        New York, New York  10036
        (212) 715-9100
        kleblang@kramerlevin.com
        sknecht@kramerlevin.com

        ***Attorneys for Defendants***

KL3 2776229.4